## Cannon's Estate

*W. C. Pettit*, for exceptants.

*J. W. Nelson* and *J. J. Donaldson*, contra.

McLAUGHRY, P. J., December 19, 1935.—The question before the court is whether the legatees under the last will and testament of Love P. Cannon should receive in-

terest beginning one year after his death. Mr. Cannon died on March 24, 1930. His will was admitted to probate by the Register of Wills of Mercer County, and the record shows that an appeal was taken from the probate and filed with the register on October 6, 1930, a bond for appeal being filed on the same date.

On January 6, 1931, the executor, John J. Donaldson, presented a motion requesting that the court order John S. Williamson, the appellant, to file his petition for citation, setting forth the grounds for the appeal taken from the register's court. This rule was granted, and later the reasons were filed alleging that the said Love P. Cannon was not of sound, disposing mind, memory and understanding at the time of the writing of his will on November 14, 1928.

Testimony was taken in the appeal on October 21, 1931, but it was not placed on the argument list until June 18, 1932. The decision was not made and filed by the court until March 27, 1935. A short time before this date the executor, John J. Donaldson, brought to the attention of the court that an opinion had not been filed on the matter. Not being aware that the matter was submitted to the court for decision, for the reason that there were no papers pertaining to the matter in the judge's chambers, we examined the record and found that the testimony had been filed by the court stenographer and had not come into the hands of the court, and for this reason there was delay in rendering a decision. Soon thereafter the executor filed his account, and soon after that W. C. Pettit, representing Ellen Seiple, Blanche Thomas, Gertrude Kimble, Sarah Harris, Mary Williamson, Samuel Williamson, John S. Williamson, and Lizzie Dean, legatees under the will, filed exceptions claiming interest on the legacies from March 24, 1931, or one year after the death of Mr. Cannon.

It is clear the Fiduciaries Act of June 7, 1917, P. L. 447, provides that all legatees shall receive interest dat-

ing from one year after the death of decedent. A hearing was held and some testimony was taken pertaining to the exceptions. Mr. Donaldson testified that on August 25, 1930, before he had any knowledge of the appeal on the probate of the will, he mailed checks to the legatees in the amount of the legacies less inheritance tax, and a short time thereafter W. C. Pettit returned to him the checks, stating that he had taken an appeal. The checks, dated August 25, 1930, were placed in evidence at the hearing. It is evident that the executor made an effort to pay these legacies within five months after the death of Mr. Cannon, and it is also evident that there was no time thereafter until March 27, 1935, when it was possible for him to make payment of the legacies, the question as to the competency of Mr. Cannon to write a will not having been decided until that time. There is no dispute that Mr. Donaldson placed in the hands of the legatees checks for the amounts named in the will, less collateral inheritance tax, and that these were returned by W. C. Pettit. The testimony of Mr. Donaldson, that Mr. Pettit stated at the time he returned the checks that he was doing so because an appeal was being taken, is not denied.

Should the executor be required to pay interest under circumstances such as we have here? We cannot conceive that it was so intended. The purpose of the provision in the Fiduciaries Act of 1917, supra, was to require diligence of an executor in making payment of legacies to the persons directed to receive them in a will. If the executor failed to use such diligence, he was responsible for interest. In the present case the executor wrote out the checks and mailed them to the person entitled to receive them, and they were returned by counsel, who evidently represented the legatees or he would not have had the checks in his possession, and at the same time he informed the executor that he was taking an appeal. No other conclusion could be reached but that the

persons to whom the checks were made were interested in bringing the appeal, although the name of John S. Williamson appears on the petition for citation. The name of another appears on the bond, and it is brought to our attention by counsel for the executor that others appeared as witnesses in support of the position that Mr. Cannon was not competent to write a will at the time it was done.

From the testimony taken and all the papers connected with the case, we are convinced that the executor was prepared, willing, and made an effort to pay the legacies within five months of the death of Love P. Cannon, and the persons who received and returned the checks were the persons who were responsible for the appeal, and the executor was in no way responsible for delay. When the legatees refused to accept payment within five months after the death of the testator, we see no reason why they should be entitled to interest on funds which he was ready to pay at any time. The exceptions are therefore dismissed.

### Order

And now, December 19, 1935, this matter came on to be heard on exceptions filed, and testimony was taken and argued; whereupon, after due consideration, the exceptions are dismissed.           From W. G. Barker, Mercer.